|  |  |  |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| KEITH R. KEEN and JULIA R. KEEN, § <br> § <br> Plaintiffs, § <br> § <br> *versus* § <br> § <br> SUNTRUST MORTGAGE, INC., § <br> § <br> Defendant. § | CIVIL ACTION NO. 1:10-CV-733 |

**MEMORANDUM AND ORDER**

Pending before the court is Defendant SunTrust Mortgage, Inc.'s ("SunTrust") Motion for Summary Judgment (#44). SunTrust moves for judgment as a matter of law on the claims asserted by Keith R. Keen and Julia R. Keen ("the Keens"). Having considered the motion, the response, the submissions of the parties, and the applicable law, the court is of the opinion that summary judgment should be granted.

I. Background

On April 24, 2000, the Keens executed a Deed of Trust and obtained a mortgage loan in the amount of $123,000.00 against real property located in Groves, Texas, from Southtrust Mortgage Corporation ("Southtrust"). Subsequently, the Deed of Trust was assigned to Washington Mutual Home Loans, Inc. On November 22, 2002, the Keens obtained two loans from SunTrust to pay off the loan to acquire a release of the Deed of Trust and real estate taxes assessed against the property in 2002. The Keens executed a Note and Deed of Trust ("2002 Deed of Trust") for the first loan in the amount of $117,600.00 and promised to pay the principal plus interest, securing the loan by granting SunTrust a first lien against the Groves property. On the same day, the Keens executed a Note and Refinance Money Deed of Trust for the second loan of

$16,200.00, promising to pay principal plus interest. This loan was secured by granting SunTrust a second lien against the Groves property.

The Keens made payments pursuant to their financial agreement until April 2010, when they could no longer afford to pay the first loan. The Keens, through U.S. Mortgage Solutions, applied for relief under the Home Affordable Modification Program, which provided the Keens with new, reduced mortgage loan figures under the program. On June 9, 2010, the Keens sent the application prepared by U.S. Mortgage Solutions to SunTrust for review. The Keens did not communicate with SunTrust prior to submitting their application, and SunTrust never agreed to modify the loan. On July 26, 2010, Barrett Daffin Frappier Turner & Engel, LLP ("BDFTE"), the law firm representing SunTrust, notified the Keens the first loan had been accelerated and that the property would be sold in a foreclosure proceeding on September 7, 2010. On July 28, 2010, BDFTE sent the Keens an additional letter providing alternate options to avoid foreclosure. BDFTE advised the Keens, however, that the letter was not an approval of any available program and that the firm would continue with the foreclosure as scheduled until such time as the Keens received written confirmation that SunTrust had approved their loan workout.

The Keens allege that they had telephonic conversations with several SunTrust employees who reported that the loan modification paperwork was still under review and that the Keens' request for a postponement of the sale would be made to the foreclosure department. On August 21, 2010, SunTrust notified the Keens via letter that it would not accept the loan modification application and that all collection activity, including foreclosure proceedings, would continue. After receiving this letter, however, the Keens were allegedly informed over the telephone that the paperwork was still being reviewed. The Keens contend that, from May to August 2010,

SunTrust represented continually that payments on the note were not required because their loan modification proposal remained under review. On September 28, 2010, SunTrust informed the Keens that their property had been foreclosed and sold. Subsequently, SunTrust filed a forcible entry and detainer action to evict the Keens from the property.

On November 3, 2010, the Keens filed the instant lawsuit in the 60th Judicial District Court of Jefferson County, Texas, alleging violations of the Texas Deceptive Trade Practices Act ("DTPA"), breach of fiduciary duty, breach of contract, fraud, and intentional infliction of emotional distress. The Keens also seek a declaratory judgment that the foreclosure was illegal and a temporary restraining order prohibiting SunTrust from evicting them. Further, the Keens assert in their petition that they tendered $10,000.00—the amount owed "to bring the loan current and comply with their obligations"—into the registry of the court. On November 15, 2010, this suit was removed to federal court.

On July 10, 2012, the court entered a Memorandum and Order dismissing the Keens' claims for violations of the DTPA, breach of fiduciary duty, and intentional infliction of emotional distress as a matter of law. The court granted the Keens leave to amend their complaint as to their claims for fraud, breach of contract, and declaratory and injunctive relief. On July 24, 2012, the Keens filed an Amended Complaint. On August 16, 2012, SunTrust moved to dismiss the Amended Complaint, and on October 19, 2012, SunTrust filed the instant motion for summary judgment.[1]

---

[1] Although the Keens contend in their response that they have alleged claims for wrongful foreclosure, common law fraud, promissory estoppel/equitable estoppel, negligence, and negligent misrepresentation, a close examination of their Amended Complaint reveals that the only claims repleaded are fraud, negligent misrepresentation, breach of contract, and declaratory and injunctive relief.

In its motion, SunTrust contends that there is no evidence that it committed fraud against the Keens, that it breached the contract with the Keens, or that it is liable for negligent misrepresentation. In response, the Keens maintain that there are disputed, material facts supporting their claims for fraud and negligent misrepresentation.

II.   Analysis

   A.   Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *QBE Ins. Corp. v. Brown & Mitchell, Inc.*, 591 F.3d 439, 442 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

"A fact is material only if its resolution would affect the outcome of the action . . . ." *Wiley v. State Farm Fire & Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009); *accord Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan ex rel. Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis in original). Thus, a

4

genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *accord Poole*, 691 F.3d at 627; *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010); *Wiley*, 585 F.3d at 210; *EMCASCO Ins. Co. v. Am. Int'l Specialty Lines Ins. Co.*, 438 F.3d 519, 523 (5th Cir. 2006); *Cooper Tire & Rubber Co.*, 423 F.3d at 454. The moving party, however, need not negate the elements of the nonmovant's case. *See Bayle*, 615 F.3d at 355; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *Millennium Petrochemicals, Inc. v. Brown & Root Holdings, Inc.*, 390 F.3d 336, 339 (5th Cir. 2004).

Once a proper motion has been made, the nonmoving parties may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3 (quoting FED. R. CIV. P. 56(e)); *Anderson*, 477 U.S. at 256; *Bayle*, 615 F.3d at 355; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Smith ex rel. Estate of Smith v. United States*, 391 F.3d 621, 625 (5th Cir. 2004). "[T]he court must review the record 'taken as a whole.'" *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see Riverwood Int'l Corp. v. Emp'rs Ins. of Wausau*, 420 F.3d 378, 382 (5th Cir. 2005). All the evidence must be construed in the light most favorable to the nonmoving party, and the court will not weigh the evidence or evaluate its credibility. *Reeves*, 530 U.S. at 150; *Downhole Navigator, LLC v. Nautilus Ins. Co.*, 686 F.3d 325, 328 (5th Cir. 2012); *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 615 (5th Cir. 2009); *Lincoln Gen. Ins. Co.*, 401 F.3d at 350; *Smith*, 391 F.3d at 624. The evidence of the nonmovants

5

is to be believed, with all justifiable inferences drawn and all reasonable doubts resolved in their favor. *Groh v. Ramirez*, 540 U.S. 551, 562 (2004) (citing *Anderson*, 477 U.S. at 255); *Cotroneo v. Shaw Env't & Infrastructure, Inc.*, 639 F.3d 186, 192 (5th Cir. 2011); *Tradewinds Envtl. Restoration, Inc. v. St. Tammany Park, LLC*, 578 F.3d 255, 258 (5th Cir. 2009). The evidence is construed "'in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075).

Furthermore, "only reasonable inferences in favor of the nonmoving party can be drawn from the evidence." *Mills v. Warner-Lambert Co.*, 581 F. Supp. 2d 772, 779 (E.D. Tex. 2008) (citing *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992)); *accord Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012). "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Eastman Kodak Co.*, 504 U.S. at 468-69; *accord Shelter Mut. Ins. Co. v. Simmons*, 543 F. Supp. 2d 582, 584-85 (S.D. Miss.), *aff'd*, 293 F. App'x 273 (5th Cir. 2008). The nonmovants' burden is not satisfied by "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,'" by speculation, by the mere existence of some alleged factual dispute, or "by only a 'scintilla' of evidence." *Little*, 37 F.3d at 1075 (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *Matsushita Elec. Indus. Co.*, 475 U.S. at 586; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994)); *accord Thibodeaux v. Vamos Oil & Gas Co.*, 487 F.3d 288, 294-95 (5th Cir. 2007); *Warfield*, 436 F.3d at 557; *Boudreaux*, 402 F.3d at 540. "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not

sufficient to defeat a motion for summary judgment." *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003); *accord RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010); *Hugh Symons Grp., plc v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir.), *cert. denied*, 537 U.S. 950 (2002); *see Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 332 (5th Cir. 2004).

Summary judgment is mandated if the nonmovants fails to make a showing sufficient to establish the existence of an element essential to their case on which they bear the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *EMCASCO Ins. Co.*, 438 F.3d at 523; *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 110 (5th Cir. 2005); *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004). "[W]here the nonmoving party fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, no genuine issue of material fact can exist." *Apache Corp. v. W&T Offshore, Inc.*, 626 F.3d 789, 793 (5th Cir. 2010). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

  B. <u>Fraud and Negligent Misrepresentation</u>

SunTrust moves for judgment as a matter of law on the Keens' fraud and negligent misrepresentation causes of action. The Keens' claims are based on statements allegedly made by SunTrust employees that the foreclosure would be postponed pending review of the modification application and that the Keens could stop making payments during the review. Julia R. Keen's deposition and affidavit reveal that the following statements purportedly were made by SunTrust employees:

1. On July 13, 2010, a SunTrust representative named Sandy told Julia R. Keen that the modification paperwork was set up for review.

2. On July 30, 2010, a SunTrust representative named Beth said that she would notify the foreclosure department to request a postponement of the foreclosure scheduled for September 7, 2010.

3. On August 6, 2010, a SunTrust representative named Mary told Julia R. Keen that the modification process was still in progress and that no decision had been made.

4. In August 2010, after receiving a letter stating that SunTrust was unable to assist with a loss mitigation workout option, a SunTrust employee told her over the telephone that the paperwork was still being reviewed.

5. Between May and August 2010, SunTrust employees told the Keens that the loan modifications were still being reviewed and not to worry about paying the note, but the representative did not tell the Keens that the foreclosure sale would be postponed.

In Texas, fraud may consist of an affirmative misrepresentation or, in certain circumstances, the concealment or non-disclosure of a material fact. To recover for fraud in the context of a positive representation, the plaintiff must establish that:

(1) the defendant made a material representation concerning an existing fact;

(2) the representation was false when it was made;

(3) the speaker knew the misrepresentation was false, or made it recklessly without knowledge of its truth and as a positive assertion;

(4) the speaker made the misrepresentation with the intent that it should be acted upon;

(5) the plaintiff acted with justifiable reliance on the misrepresentation; and

(6) the plaintiff suffered injury as a result.

*See Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 212 (5th Cir.), *cert. denied*, 130 S. Ct. 199 (2009); *Malacara v. Garber*, 353 F.3d 393, 403-04 (5th Cir.

2003); *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011); *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001); *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 524 (Tex. 1998). "Fraud is never presumed, and it is plaintiff's burden to allege and prove actionable fraud." *William B. Roberts, Inc. v. McDrilling Co.*, 579 S.W.2d 335, 339 (Tex. Civ. App.—Corpus Christi 1979, no writ); *accord Priddy v. Rawson*, 282 S.W.3d 588, 598 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

To recover for negligent misrepresentation, the plaintiff must establish that:

(1) a representation was made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest;

(2) the defendant supplied "false information" for the guidance of others in their business;

(3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and

(4) the plaintiff suffered pecuniary loss by justifiably relying on the representation.

*See Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 396-97 (5th Cir. 2005); *First Nat'l Bank of Durant v. Trans Terra Corp. Int'l*, 142 F.3d 802, 809 (5th Cir. 1999) (citing *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)); *AKB Hendrick, LP v. Musgrave Enters., Inc.*, 380 S.W.3d 221, 237 (Tex. App.—Dallas 2012, no pet.); *Jeffries v. Pat A. Madison, Inc.*, 269 S.W.3d 689, 691 (Tex. App.—Eastland 2008, no pet.).

1. <u>Statements Regarding Postponement of Foreclosure</u>

SunTrust moves for summary judgment on the Keens' claims based on any statements regarding the postponement of the foreclosure. Throughout their complaint and response to the summary judgment, citing only to Julia R. Keen's affidavit, the Keens argue that SunTrust "positively and actively" told the Keens that the foreclosure would be postponed. SunTrust argues

9

that any promise to act cannot establish a fraud or misrepresentation claim and that there is no evidentiary support for the Keens' contention that SunTrust represented that the foreclosure would not occur. The court agrees.

Texas courts have recognized that a fraud claim can be based on a promise when the promisor had no intention of performing the act at the time it was made. *See Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 325 (5th Cir. 2011) (quoting *Spoljaric v. Percival Tours, Inc.*, 708 S.W.2d 432, 434 (Tex. 1986)); *Herrmann Holdings, Ltd. v. Lucent Techs. Inc.,* 302 F.3d 552, 564 (5th Cir. 2002); *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 46-47 (Tex. 1998) (citing *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 597 (Tex. 1992)); *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992). "A promise to do an act in the future is actionable fraud when made with the intention, design and purpose of deceiving, and with no intention of performing the act." *Spoljaric*, 708 S.W.2d at 434; *accord Formosa Plastics Corp. USA*, 960 S.W.2d at 48 (citing *Schindler v. Austwell Farmers Co-op.*, 841 S.W.2d 853, 854 (Tex. 1992)). On the other hand, a promise to act or not to act in the future cannot form the basis of a negligent misrepresentation claim. *See Roof Sys., Inc. v. Johns Manville Corp.*, 130 S.W.3d 430, 439 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also Hern Family Ltd. P'ship v. Compass Bank*, 863 F. Supp. 2d 613, 631 (S.D. Tex. 2012); *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 380 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Therefore, a promise of future conduct, here the alleged understanding that the foreclosure would be postponed, cannot support a negligent misrepresentation claim. *See Thomas v. EMC Mortg. Corp.*, No. 12-10143, 2012 WL 5984943, at *3 (5th Cir. Nov. 30, 2012) ("Because representations regarding future loan modifications and

foreclosure constitute 'promises of future action rather than representations of existing fact,' the negligent-misrepresentation claim was properly dismissed." (citation omitted)). Accordingly, the Keens cannot maintain a claim of negligent misrepresentation based on the alleged statements regarding the postponement of the foreclosure.

As to the Keens' fraud claim, the statements listed above cannot be considered positive representations that SunTrust would not foreclose during the loan modification process. The SunTrust representative named Beth merely stated that she would request a postponement; she did not confirm that the foreclosure would be rescheduled, much less that it would not occur. Beyond that statement, the only other representation that arguably could lead to an understanding that the process was being postponed was the alleged statement in August 2010 that the modification process was ongoing even after the Keens received the letter that SunTrust was unable to offer a mitigation option. Nonetheless, the official letters sent from BDFTE leading up to the foreclosure belie the Keens' contention that they were told the foreclosure would not occur. The Keens received a letter on July 28, 2010, advising them of loan workout options and stating, "[U]ntil you have received written confirmation that SunTrust has approved your loan workout, our firm will continue with the foreclosure as scheduled." On August 21, 2010, the Keens received a letter from SunTrust denying any loan modification and advising the Keens that all collection activities, including foreclosure, would continue. The Keens proffer no additional summary judgment evidence supporting their claims for fraud and negligent misrepresentation. The court finds that the above statements allegedly made by SunTrust employees, viewed in the light most favorable to the Keens, do not constitute false representations that the foreclosure process had ceased or

promises that the employees had no intention of performing. Thus, summary judgment is proper on the Keens' fraud claim based on these alleged statements.

      2.    <u>Statements Regarding Payment Due</u>

Further, the Keens cannot establish justifiable reliance with respect to their fraud and negligent misrepresentation claims based on the statements allegedly made regarding the payment of the mortgage while the application for modification was under review. To recover on a fraudulent representation claim, "a plaintiff's reliance on the defendant's fraudulent conduct must be justifiable as well as actual." *Bykowicz v. Pulte Home Corp.*, 950 F.2d 1046, 1050 (5th Cir.), *cert. denied*, 506 U.S. 822 (1992) (internal quotations omitted); *see Lewis v. Bank of Am. NA*, 343 F.3d 540, 546-47 (5th Cir. 2003), *cert. denied*, 540 U.S. 1213 (2004); *In re Enron Corp. Secs., Derivative & ERISA Litig.*, 762 F. Supp. 2d 942, 967 (S.D. Tex. 2010); *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 797 (Tex. 2002); *accord Grant Thornton, LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 923 (Tex. 2010) ("Both fraud and negligent misrepresentation require that the plaintiff show actual and justifiable reliance."). "A plaintiff establishes reliance by showing that the defendant's acts and representations induced it to either act or refrain from acting, to its detriment." *Prospect High Income Fund v. Grant Thornton, LLP*, 203 S.W.3d 602, 618 (Tex. App.—Dallas 2006), *rev'd in part on other grounds by* 314 S.W.3d 913 (Tex. 2010). Julia R. Keen testified during her deposition that at the time the Keens were applying for a modification, they did not have the financial ability to make the payments on the first loan. In their Home Affordable Modification Program Hardship Affidavit, the Keens maintained that their cash reserves were insufficient to maintain the payment on their mortgage loan and cover basic living expenses at the time. Finally, when the statements were made in July

and August, the Keens were behind two months in payment and failed to make the June payment. Thus, the Keens have failed to show that statements allegedly made by representatives of SunTrust induced them to stop making the payments under the 2002 Deed of Trust.

In any event, "[r]eliance on an oral representation that is directly contradicted by the express terms of the written agreement, is not justified as a matter of law." *Rinard v. Bank of Am.*, 349 S.W.3d 148, 153 (Tex. App.—El Paso 2011, no pet.) (citing *DRC Parts & Accessories, L.L.C. v. VM Motori, S.P.A.*, 112 S.W.3d 854, 858 (Tex. App.—Houston [14th Dist.] 2003, pet. denied). In this instance, the written contract between the Keens and SunTrust required the Keens to make monthly payments. Thus, their purported reliance on the statements made between June and August of 2010 was not justifiable. *See Milton v. U.S. Bank Nat'l Ass'n*, No. 12-40742, 2013 WL 264561, at *3 (5th Cir. Jan. 18, 2013) ("[R]eliance on oral representations by customer service representatives that were contradicted by the terms of the loan agreement and the notice of foreclosure was not reasonable as a matter of law."); *Fankhauser v. Fannie Mae*, No. 4:10-CV-274, 2011 WL 1630193, at *7 (E.D. Tex. Mar. 30, 2011), *report and recommendation adopted by* 2011 WL 1630177 (E.D. Tex. Apr. 29, 2011) (holding that reliance on alleged oral misrepresentation that took place after the execution of the loan documents regarding a reduction in interest rates contradicted written language and, thus, was not reasonable or justified). Therefore, summary judgment on the Keens' fraud and negligent misrepresentation claims is warranted.

C.   Breach of Contract

SunTrust also moves for summary judgment on the Keens' breach of contract claim. Because the Keens do not address the claim or cite to any evidence supporting the cause of action,[2] they have abandoned any claim for breach of contract and summary judgment is proper. *See Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) (stating that inadequately briefed issues are considered waived); *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 525-26 (5th Cir. 2005); *Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 653 (5th Cir.), *cert. denied*, 543 U.S. 979 (2004); *Moore v. Delta Airlines, Inc.*, No. 3:10-CV-2241, 2012 WL 685414, at *5 (N.D. Tex. Mar. 1, 2012) (citing *Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006)) (holding that the plaintiff abandoned any claims not addressed in her summary judgment response); *Penrod v. Bank of N.Y. Mellon*, 824 F. Supp. 2d 754, 762-63 (S.D. Tex. 2011); *Edwards v. Tex.-N. M. Power Co.*, 259 F. Supp. 2d 544, 547 (N.D. Tex. 2003).

D.   Injunctive and Declaratory Relief

Finally, SunTrust seeks summary judgment on the Keens' remaining claims for injunctive and declaratory relief. Because the court holds that judgment as a matter of law as to the Keens' substantive causes of action is warranted, their claims for declaratory and injunctive relief should be dismissed, as well. *See Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, at *15 (E.D. Tex. Feb. 3, 2012), *report and recommendation adopted by* 2012 WL 629433 (E.D. Tex. Feb. 27, 2012) (dismissing the plaintiffs' declaratory judgment action and request for injunctive relief because they failed to state a viable claim for relief); *Anderson v. Nat'l*

---

[2] In their response, the Keens state that they have a survivable claim for fraud and can prove the elements for negligent misrepresentation. Nowhere within the response do they acknowledge a claim for breach of contract.

14

*City Mortg.*, No. 3:11-CV-1687, 2012 WL 612562, at *7 & n.8 (N.D. Tex. Jan. 17, 2012) (same); *Val-Com Acquisitions Trust v. Wells Fargo Bank, N.A.*, No. 3:10-CV-1331, 2011 WL 2517230, at * 6 (N.D. Tex. June 23, 2011) (same).

III.    Conclusion

Based on the foregoing analysis, SunTrust's Motion for Summary Judgment is GRANTED. The Keens fail to present a claim that warrants relief. Accordingly, SunTrust's Motion to Dismiss First Amended Complaint (#43) is denied as moot. There remain no material facts in dispute, and SunTrust is entitled to judgment as a matter of law.

SIGNED at Beaumont, Texas, this 18th day of March, 2013.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE